IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

OPAL BEAHM,

           Plaintiff,

v.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

           Defendant.

OPINION AND ORDER

17-cv-88-bbc

---

Plaintiff Opal Beahm is seeking review of a final decision by defendant Nancy A. Berryhill, Acting Commissioner of Social Security, denying her claim for disability insurance benefits and supplemental security income under the Social Security Act. 42 U.S.C. § 405(g). Dkt. #9. Plaintiff contends that the administrative law judge who decided the case erred in two ways: (1) she did not properly consider the opinions of plaintiff's providers, particularly with respect to plaintiff's need for unscheduled breaks; and (2) she did not lay a proper foundation for a 10 percent off-task limitation in her hypothetical question to the vocational expert. Lanigan v. Berryhill, 865 F.3d 558, 566 (7th Cir. 2017) (finding administrative law judge failed to build bridge between 10 percent off-task limitation and record as whole).

For the reasons explained below, I am remanding this case so the administrative law judge can lay a proper foundation for the limitations she included in her residual functional capacity assessment and hypothetical to the vocational expert and better explain her reasoning with respect to the weight given the opinions of plaintiff's treating providers.

The following facts are drawn from the administrative record (AR).

BACKGROUND FACTS

Plaintiff contends that she became disabled on April 12, 2012 because of back pain and continuing problems following bilateral knee replacement surgery. AR 19, 48-49. Plaintiff last worked in April 2012 at a Subway shop. AR 47. She was 45 years old when she applied for benefits on March 6, 2013. AR 19, 170.

Critical to plaintiff's appeal are the reports of Dr. Timothy Johnson, Dr. Roland Erickson and Physician Assistant R.S. Oshan, all of whom treated plaintiff for one or more of her various conditions. The three providers reached similar conclusions about plaintiff's physical limitations from 2013 to 2015.

On October 21, 2013, Dr. Johnson examined plaintiff and made the following "estimates" with respect to work restrictions: lift 10 pounds rarely; sit, stand and walk occasionally with position changes at least every 30 minutes; no kneeling, squatting, climbing, reaching overhead, pushing or pulling; and rare horizontal. AR 383 and 454.

On November 8, 2013, Oshan assessed the following work restrictions for plaintiff: lifting and carrying up to 10 pounds; occasional sitting, standing, walking and overhead reaching; rare kneeling and squatting; one hour repetitive tasks or material handling at a time; no prolonged bending; no exposure to hazards; a change of positions every 30 minutes; no heavy pushing or pulling; and keeping work close and relatively light. AR 445.

Dr. Erickson has treated plaintiff for 15 years. On August 21, 2014, he found that

2

plaintiff was limited to lifting 10 pounds occasionally and rarely squatting, kneeling or reaching horizontally and overhead. AR 53, 471-72. He also stated that plaintiff needed a sit and stand option with a change of position every 30 minutes and breaks every 30 minutes. Id. Dr. Erickson affirmed those limitations on April 9 and May 28, 2014. AR 53, 492-94. On July 27, 2015, Dr. Erickson completed a "work excuse/restrictions form" on which he wrote that plaintiff could sit for 20 minutes and stand for 15 minutes at a time before rotating her position, needed unscheduled breaks and would be absent from work two or more days per month. AR 509.

Two state agency physicians also provided opinions on plaintiff's physical ability. During the initial review of plaintiff's application for benefits, Dr. Mina Khorshidi reviewed plaintiff's medical records and concluded on October 9, 2013 that plaintiff could perform sedentary work. AR 27, 68-69. On March 10, 2014, at the reconsideration level of review, Dr. George Walcott found that plaintiff was capable of light work with some postural limitations. AR 27, 90-91. Neither physician discussed whether plaintiff would have to change positions or take unscheduled breaks.

On August 26, 2015, Administrative Law Judge Debra Meachum held an administrative hearing at which plaintiff and a vocational expert testified. AR 44-45. Plaintiff testified that she uses a cane to walk, has trouble standing more than 10 minutes at a time and lies down a lot. She said she could sit for 15 minutes. AR 48. The administrative law judge did not discuss plaintiff's health with the vocational expert except to the extent of presenting the expert a series of hypothetical questions involving an

3

individual limited to sedentary exertion with several additional limitations that included a sit and stand option while at the work station and being off-task up to 10 percent of the workday. AR 56. Although the vocational expert testified that such an individual could perform work in the national economy, she noted that there would be no jobs available for an individual with the same limitations who also needed unscheduled breaks. AR 57-58.

The administrative law judge issued a written decision on October 5, 2015, finding that despite plaintiff's severe impairments of osteoarthritis and allied disorders, degenerative disc disease, back and right shoulder disorders, status post bilateral knee replacements, diabetes mellitus and obesity, she retained the residual functional capacity to perform a limited range of sedentary work, including the limitation that, "[i]n addition to the regular breaks required by OSHA (including two 20-minute breaks and one 30-45 minute lunch break), she may be off task up to 10 percent of the workday." AR 22-23. In reaching this decision, the administrative law judge considered the opinions of plaintiff's treating providers and gave partial weight to the opinions of Dr. Johnson, Dr. Erickson and Oshan "to the extent that [they] are consistent" with the overall evidence and the residual functional capacity assessment. AR 26-27. The administrative law judge gave some weight to the findings of the state agency physicians, stating that: "Further restrictions have been considered and added based on the opinions submitted by [plaintiff's] treating sources, which suggest [that plaintiff] would need a sit/stand option . . . and would be off task up to 10 percent of the workday." AR 27.

The administrative law judge determined that plaintiff did not have any relevant past

work. Relying on the testimony of the vocational expert who testified in response to a hypothetical question based on plaintiff's residual functional capacity assessment, the administrative law judge found that jobs exist in significant numbers in the national economy that she could perform, including video surveillance monitor and machine tender. AR 28.

OPINION

Plaintiff contends that the administrative law judge erred in two respects: (1) failing to presume that the opinions of Dr. Johnson and Dr. Erickson deserved controlling weight and not providing good reasons for discounting their opinions or the opinion of Physician Assistant Oshan; and (2) not explaining how the 10 percent off-task limitation in the residual functional capacity assessment and the hypothetical question to the vocational expert accounted for plaintiff's need for unscheduled breaks. Because plaintiff's second challenge requires a remand of this case to the administrative law judge, I will discuss it first and then address plaintiff's more general concerns with the administrative law judge's consideration of the opinions of plaintiff's treating providers.

A. 10 Percent Off-Task Limitation

Plaintiff acknowledges that the administrative law stated that she was accounting for Dr. Erickson's opinion that plaintiff needed unscheduled breaks "by finding [plaintiff] would be off task up to 10 percent of the workday," AR 27, but points out that the administrative

5

law judge failed to explain why she concluded that being off task 10 percent of the workday was equivalent to unscheduled breaks. The Commissioner responds that the administrative law judge "translated Dr. Erickson's opinion regarding unscheduled breaks into a reasonable work-related limitation, and her decision should be affirmed." Dkt. #12 at 13. However, none of the medical providers discussed what percentage of the workday plaintiff would be "on task," focusing instead on plaintiff's need for unscheduled breaks and a change of positions at least every 30 minutes. Although 10 percent of an eight-hour workday amounts to about 48 minutes, it is unclear from the record whether 48 minutes would be enough to accommodate plaintiff's need for unscheduled breaks.

The Court of Appeals for the Seventh Circuit has made it clear that an administrative law judge must orient the vocational expert to all of the claimant's limitations. Lanigan, 865 F.3d at 563 (administrative law judge must build accurate and logical bridge between medical evidence and hypothetical question to vocational expert); O'Connor-Spinner v. Astrue, 627 F.3d 614, 620-21 (7th Cir. 2010) ("[T]he ALJ should refer expressly to [plaintiff's] limitations . . . in the hypothetical in order to focus the [vocational expert's] attention on these limitations and assure reviewing courts that the [vocational expert's] testimony constitutes substantial evidence of the jobs a claimant can do."). Despite this requirement, the administrative law judge did not identify or describe plaintiff's need for unscheduled breaks in her hypothetical and made no effort to "build an accurate and logical bridge" between her 10 percent calculation and Dr. Erickson's opinion that plaintiff needed unscheduled breaks. Lanigan, 865 F.3d at 563 (citing Beardsley v. Colvin, 758 F.3d 834, 837

6

(7th Cir. 2014)) (finding similar hypothetical insufficient because "ALJ had no basis to conclude that he wouldn't be off task more than 10% of the time, especially given his unrebutted testimony that he was taking unscheduled breaks."). Significantly, the vocational expert in this case testified that there would be no jobs available for individuals who needed unscheduled breaks. AR 58.

An administrative law judge need not address every piece of evidence, but she must establish a logical connection between the evidence and her conclusion. O'Connor-Spinner, 627 F.3d at 618. Because that did not happen here, it is necessary to reverse and remand the case for further proceedings.

### B. Treating Provider Opinions

The opinions of treating physicians such as Dr. Johnson and Dr. Erickson are entitled to controlling weight if they are supported by objective medical evidence and are consistent with other substantial evidence in the record. 20 C.F.R. § 404.1527(c)(2); Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013). Although an administrative law judge is not required to give a treating physician's opinion controlling weight, she must provide a sound explanation for rejecting the opinion. Id. In making her decision, the administrative law judge must build a logical bridge from the evidence to her conclusion. Haynes v. Barnhart, 416 F.3d 621, 626 (7th Cir. 2005). "An ALJ can give less weight to a doctor's opinion if it is internally inconsistent or inconsistent with the other substantial evidence in the record as long as she articulates her reasons for giving the opinion less weight." Hall ex re. Hall v. Astrue, 489 Fed.

7

Appx. 956, 958 (7th Cir. 2012). Further, "[i]f an ALJ does not give a treating physician's opinion controlling weight, the regulations require the ALJ to consider the length, nature, and extent of the treatment relationship, frequency of examination, the physician's specialty, the types of tests performed, and the consistency and supportability of the physician's opinion." Moss v. Astrue, 555 F.3d 556, 561 (7th Cir. 2009) (citing 20 C.F.R. § 404.1527)).

Although physician assistants are not considered "medical sources" who can offer medical opinions entitled to controlling weight for purposes of social security disability determinations, the administrative law judge must consider and properly weigh such opinions. Soc. Sec. Ruling 06-3p; Pierce v. Colvin, 739 F.3d 1046, 1051 (7th Cir. 2014). "[W]hile SSR 06-3p does not specifically state an articulation standard with respect to the factors, it does recognize that the 'factors of [20 C.F.R. Sec. 404.1527(d)] represent basic principles that apply to the consideration of all opinions from medical sources who are not 'acceptable medical sources' as well as from 'other sources.'" Dogan v. Astrue, 751 F. Supp. 2d 1029, 1039 (N.D. Ind. 2010).

In this case, the administrative law judge stated that she was giving weight to the opinions of Johnson, Erickson and Oshan only to the extent that they were "consistent" with the overall evidence and her own residual functional capacity assessment. Although she made a general statement to the effect that the medical evidence did not support the limitations that the providers assessed for plaintiff, she did not give an adequate explanation of her reasoning or link the medical evidence to the providers' specific findings. The Commissioner points out that the administrative law judge discussed the medical evidence that she found

lacking in other portions of her opinion. However, the deferential standard of review "does not mean that we scour the record for supportive evidence or rack our brains for reasons to uphold the [administrative law judge's] decision. Rather, the administrative law judge must identify the relevant evidence and build a 'logical bridge' between that evidence and the ultimate determination." Moon v. Colvin, 763 F.3d 718, 721 (7th Cir. 2014). See also Briscoe ex rel. Taylor v. Barnhart, 425 F.3d 345, 351 (7th Cir. 2005) ("[T]he ALJ must . . . explain his analysis of the evidence with enough detail and clarity to permit meaningful appellate review.").

In addition, after declining to give the physicians' opinions controlling weight, the administrative law judge did not apply the factors enumerated in 20 C.F.R. § 404.1527(c), including "the length, nature, and extent of the treatment relationship; frequency of examination; the physician's specialty; the types of tests performed; and the consistency and support for the physician's opinion." Larson v. Astrue, 615 F.3d 744, 751 (7th Cir. 2010) (criticizing administrative law judge for saying "nothing regarding this required checklist of factors"). See also Bauer v. Astrue, 532 F.3d 606, 608 (7th Cir. 2008) (stating that when treating physician's opinion is not given controlling weight, "the checklist comes into play"). The administrative law judge also did not discuss the factors with respect to Oshan's opinion.

Therefore, on remand, the administrative law judge should take care to give specific and understandable explanations for rejecting any particular limitations found by the treating physicians and consider the relevant checklist factors.

9

ORDER

IT IS ORDERED that plaintiff Opal Beahm's motion for summary judgment, dkt. #9, is GRANTED and this case is REMANDED to defendant Nancy A. Berryhill, Acting Commissioner of Social Security, pursuant to 42 U.S.C. § 405(g). Judgment is to be entered in favor of plaintiff.

Entered this 28th day of November, 2017.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge